IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EARL MITCHELL JR., | ) | 4:15CV3087 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RANDY KOHL, SHAWN LUEBBE, CHRISTINA FERGUSON, DAN DANAHER, and GARY HUSTAD, | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Earl Mitchell, Jr.'s, Amended Complaint (Filing No. 18). For the reasons discussed below, the court will dismiss Mitchell's claims without prejudice to reassertion in state court.

## I. SUMMARY OF COMPLAINT

Mitchell is incarcerated at the Nebraska State Prison ("NSP") in Lincoln, Nebraska. His allegations are based on incidents that occurred in 2013 while he was incarcerated at the NSP.

Mitchell alleged that, in May and July of 2013, prison medical staff—Defendants Dan Danaher and Shawn Luebbe—diagnosed him with the beginning stages of carpal tunnel syndrome. They prescribed medication, exercises, and hand splints. (Filing No. 1 at CM/ECF p. 2.)

Mitchell's condition deteriorated, and he continued to complain to medical staff. On July 31, 2013, medical staff evaluated Mitchell in response to his complaints of body spasms, hand twitching, and weakness. Mitchell was informed that he would be scheduled to see an outside specialist so that he could undergo testing for carpal

tunnel syndrome. In addition, Mitchell underwent an x-ray, "which revealed nothing." (Filing No. 1 at CM/ECF p. 3.)

On August 13, 2013, Mitchell was tested for carpal tunnel syndrome, and the condition was "ruled out" as the cause of Mitchell's symptoms. (Filing No. 1 at CM/ECF p. 4.) On August 16, 2013, Defendant Randy Kohl, a prison medical director, approved Defendant Christina Ferguson's request that Mitchell undergo an MRI. (*See* Filing No. 1 at CM/ECF p. 41.) Mitchell complains that he did not undergo the MRI until nearly two months later, on October 4, 2013. This MRI revealed that Mitchell needed emergency surgery because he was "inches from paral[y]sis" due to a bone "leaning on [his] spinal cord." Mitchell underwent emergency surgery on October 5, 2013. (Filing No. 1 at CM/ECF p. 4.)

To date, Mitchell suffers from "permanent nerve damage, permanent impaired motor skills, [and] uncontrolable [sic] spasms in [his] upper and lower extremities." (Filing No. 1 at CM/ECF p. 5.)

Mitchell argues his medical providers at the prison should have known he was suffering from something more severe than carpal tunnel syndrome, and they should have scheduled him for an MRI sooner. (Filing No. 18 at CM/ECF p. 7.) For relief, Mitchell seeks damages in the amount of $1,000,000.00.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

The court must consider whether Mitchell's Amended Complaint states a cause of action under 42 U.S.C. § 1983. He filed his Amended Complaint using a form

3

designated for use by prisoners filing complaints under 42 U.S.C. § 1983, but also set forth that this is a medical malpractice action. (*See* Filing No. 1 at CM/ECF p. 6.)

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Rather, in order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008).

Upon careful review of Mitchell's allegations, the court finds Mitchell has not alleged any of the named defendants were deliberately indifferent to serious medical needs. Rather, he alleged no more than mis-diagnosis or malpractice by the named defendants. His allegations reflect that he was seen and treated repeatedly by medical providers in response to his complaints. These medical providers treated him with medication, exercises, splints, x-rays, an MRI, and surgery. Mitchell disagrees with the course of treatment and he takes issue with the amount of time it took to schedule his MRI, but he offered no facts to suggest any of the defendants were *deliberately indifferent* to his medical needs.

On the court's own motion, the court will give Mitchell 30 days in which to file a second amended complaint that states a claim upon which relief may be granted against the defendants.

## IV.  MOTION TO APPOINT COUNSEL

Mitchell filed a Motion to Appoint Counsel (Filing No. 3).  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]"  *Id.* (internal citation and quotation marks omitted).  No such benefit is apparent here at this time.  Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Mitchell will have 30 days in which to file an amended complaint that states a claim upon which relief may be granted against the defendants.  Failure to file an amended complaint will result in the court dismissing this case without further notice to Mitchell.

2. Mitchell's Motion to Appoint Counsel (Filing No. 3) is denied without prejudice to reassertion.

3. The clerk of the court is directed to set the following pro se case management deadline: March 4, 2016: check for amended complaint.

DATED this 3rd day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge