IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EARL MITCHELL JR., | ) | |
|---|---|---|
| Plaintiff, | ) | 4:15CV3087 |
| v. | ) | |
| RANDY KOHL, Medical Director, SHAWN LUEBBE, CHRISTINA FERGENSON, DAN DANAHER, and GARY HUSTAD, | ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

Plaintiff Earl Mitchell, Jr., has filed a Motion for Copies of his 80-page complaint (Filing No. 30) and a Motion to Waive Remainder of Filing Fee (Filing No. 31) because he wishes to discontinue this lawsuit and file it in state court.

With regard to the Motion for Copies, Mitchell does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915; *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973), other citations omitted); *Guinn v. Heckler*, 43 F.3d 1483 (Table), 1994 WL 702684 (10th Cir. 1994) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not."). If Mitchell requires copies of court documents, he should contact the Clerk of Court directly to determine the proper method of requesting and paying for copies.

As to Mitchell's Motion to Waive Remainder of Filing Fee, under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in [28 U.S.C. § 1915(b)](). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Moreover, the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See [In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997)]()*; *[Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001)]()*. In other words, even if the court were to dismiss this action at this point, Mitchell must pay the entire $350.00 filing fee so long as he remains a prisoner.

IT IS THEREFORE ORDERED:

1. The plaintiff's Motion for Copies (Filing No. 30) is denied. If the plaintiff wishes to obtain photocopies of documents filed in this case, he should contact the Clerk of Court at 402-437-1900 to identify the documents requested and to arrange payment.

2. The plaintiff's Motion to Waive Remainder of Filing Fee (Filing No. 31) is denied. The plaintiff is advised that if he files a motion to voluntarily dismiss this action, he will be responsible for payment of the full $350.00 filing fee as long as he remains a prisoner, even if this case is ultimately dismissed.

DATED this 27th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge